IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JELENA LUKE TODOROVIC CLEMENTE, <br><br> *Plaintiff*, <br><br> v. <br><br> COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF TRANSPORTATION, <br><br> *Defendant*. | Civil Action No. 2:25-cv-414 <br><br> Hon. William S. Stickman IV |

**MEMORANDUM OPINION**

WILLIAM S. STICKMAN IV, United States District Judge

*Pro se* Plaintiff Jelena Todorovic Clemente ("Clemente") brought this action against Defendant Pennsylvania Department of Transportation ("PennDOT") – a department of the Commonwealth of Pennsylvania (the "Commonwealth"). (ECF No. 1). At Count I, Clemente alleges that PennDOT was "committing negligent act[s] in operating its own vehicle involved in trespassing, following by the activities that resulted in the damages to the property of [Clemente] . . . and was also involved in violation of the public rights to Health and Safety." (*Id.* at ¶ 34). PennDOT filed a motion to dismiss (ECF No. 7) and supporting brief (ECF No. 8) arguing that Clemente's claims are barred by the Commonwealth's Eleventh Amendment immunity. For the following reasons, the Court will grant PennDOT's motion.

I.   **FACTUAL BACKGROUND**

Clemente owns a residence located at 409 Evergreen Road, Leechburg, Pennsylvania. (ECF No. 1, ¶ 5). The property is adjacent to PennDOT's property. (*Id.*). There is a culvert under a nearby state highway, Route 66, that borders Clemente's property line behind the residence. (*Id.*

¶ 7). Clemente alleges that when PennDOT completed the culvert, it failed to permanently stabilize the site and protect it from accidental erosion and sedimentation. (*Id.* ¶ 8). According to Clemente, the left side of the culvert is "exposed earthwork with randomly scattered unsecured cinder blocks" placed by PennDOT – as opposed to the stone retaining wall that previously secured the bank before it was demolished in 1951 during construction of the culvert. (*Id.* ¶ 9).

On January 1, 2025, a tree behind Clemente's residence fell on the end of the cinder block retaining wall causing part of the wall to collapse. (*Id.* ¶ 11). On March 16, 2025, the side of the bank collapsed. (*Id.* ¶ 10). After reporting the collapse of the wall, the Pennsylvania Department of Environmental Protection ("DEP") allegedly advised Clemente that she was responsible for cleaning up the debris and building a new retention wall. (*Id.* ¶ 13). On March 7, 2025, Clemente received property survey results that showed that she is the owner of the retention wall and culvert area. (*Id.* ¶ 15).[1] Clemente alleges that her residence is at risk of collapse because of the issues with the culvert and the retaining wall. (*Id.* ¶ 20). She allegedly has no means to mitigate the risk of her residence's collapse because "any work on the Brady Run bank would be considered trespassing and disfiguration of . . . PennDOT property." (*Id.* ¶ 21).

On a seemingly related note, Clemente further alleges that PennDOT trespassed on her property with an excavator in August 2020 – crushing pipelines and causing related property damage. (*Id.* ¶ 24). After PennDOT removed the excavator, a fence on Clemente's property collapsed into the culvert, drainage pipes collapsed, and there "was [a] visible difference in the level of the ground" where the excavator was parked. (*Id.* ¶¶ 29-30). Clemente alleges that "this visible dent of the property was caused by the activities of [the] PennDOT excavator, which started

---

[1] It is unclear whether Clemente alleges that she owns the culvert or whether she alleges that PennDOT is deceiving her into believing that she owns the property. (*Cf. id.* ¶ 15 *with id.* ¶ 26).

[the] process of erosion over the course of time." (*Id.* ¶ 31). Further, she states that "[t]he survey . . . revealed that several feet of the once leveled property is now missing in [a] straight line, and is now not only dented, but also steeply inclined toward the PennDOT cinder block wall" rendering the property "practically inaccessible." (*Id.* ¶ 32).

It seems to the Court that at Count I, Clemente is bringing claims against PennDOT for negligence, trespassing, and public nuisance resulting in Clemente's "loss of several feet of usable land, . . . [a] drainage system, . . and [the] right to Public Health and Safety as defined by applicable law." (*Id.* ¶ 35).

## II. STANDARD OF REVIEW

### A. Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"), a court must grant a motion to dismiss if there is a lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). A plaintiff bears the burden of persuasion that federal jurisdiction is present. *Saint Vincent Health Ctr. v. Shalala*, 937 F. Supp. 496, 501 (W.D. Pa. 1995) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). The threshold to survive a motion to dismiss under Rule 12(b)(1) is lower than that under Rule 12(b)(6). *Lunderstadt v. Colafella*, 886 F.2d 66, 70 (3d Cir. 1989). This is because dismissal for lack of jurisdiction cannot be predicated on the mere probability that a plaintiff's legal theories are false; a court will only dismiss for a lack of jurisdiction if a plaintiff's legal theories 1) are solely proffered to obtain federal jurisdiction but otherwise are immaterial, or 2) are "insubstantial on their face." *Growth Horizons, Inc. v. Del. Cnty., Pa.*, 983 F.2d 1277, 1280 (3d Cir. 1993) (quoting *Bell v. Hood*, 327 U.S. 678, 773, 776 (1946)). The Eleventh Amendment "is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996)

(citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984)). Thus, Rule 12(b)(1) is the proper means of raising the issue of whether the Eleventh Amendment bars federal jurisdiction. *Id.*; *see also Nelson v. Com. of Pennsylvania Dep't of Pub. Welfare*, 244 F. Supp. 2d 382, 385 (E.D. Pa. 2002); *Bell Atlantic–Pennsylvania, Inc. v. Pa. Pub. Util. Comm'n*, 107 F. Supp. 2d 653, 659 (E.D. Pa. 2000) ("The Eleventh Amendment . . . may be raised by a motion to dismiss.").

### B. *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). In practice, this liberal pleading standard works as "an embellishment of the notice-pleading standard set forth in the Federal Rules of Civil Procedure." *Castro v. United States*, 540 U.S. 375, 386 (2003) (Scalia, J., concurring). If a court can reasonably read the pleadings to state a valid claim on which a plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364, 364 (1982); *United States ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969).

### III. ANALYSIS

PennDOT argues that the Eleventh Amendment of the United States Constitution bars Clemente's suit. (ECF No. 8, pp. 2-3). It contends that Congressional abrogation is not at issue and that the exceptions to Eleventh Amendment immunity under 42 Pa. C.S. § 8522 ("§ 8522") are not applicable in accordance with the federal courts carve out under 42 Pa. C.S. § 8521(b) ("§ 8521(b)"). (*Id.* at 3). PennDOT requests that Clemente's complaint be dismissed with prejudice and argues that if Clemente intends to pursue claims against it under § 8522, she must do so in

state court. (*Id.*). Clemente claims that the exceptions to Eleventh Amendment immunity under § 8522 are not barred because (1) "the federal Tort Claim Act Restatement (Second) of Torts 821B, C(1) preempts sovereign immunity of the states in cases involving public nuisance" and (2) "Congress can abrogate state sovereign immunity when it acts under powers granted by amendments following the Eleventh Amendment." (ECF No. 10, pp. 4-8). The Court holds that Eleventh Amendment immunity bars Clemente's claims.

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. XI. Even though the express terms of the Amendment refer only to suits by citizens of another State, the Supreme Court of the United States has interpreted it to bar a citizen from bringing suit against the citizen's own state in federal court. *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 471 (1987). Under the Eleventh Amendment, states are immune from suit by private parties in federal court. *Tennessee v. Lane*, 541 U.S. 509, 517 (2004). This immunity extends to state agencies and departments because, in such litigation, the state is the true party in interest. *Foster v. McLaughlin*, 203 F. Supp. 3d 483, 487 (E.D. Pa. 2016); *see also Petsinger v. Pa. Dep't of Transp.*, 211 F. Supp. 2d 610 (E.D. Pa. 2002) ("Immunity extends to arms of the state, including a state's department of transportation.") Eleventh Amendment immunity applies to state and federal law claims. *Pennhurst*, 465 U.S. at 106, *Allen v. New Jersey State Police*, 974 F.3d 497, 505 (3d Cir. 2020).

Eleventh Amendment sovereign immunity has three exceptions. First, a state may waive its sovereign immunity and consent to be sued. *Alden v. Maine*, 527 U.S. 706, 713 (1999) (noting that "the States' immunity from suit is a fundamental aspect of the sovereignty which the States

enjoyed before the ratification of the Constitution and which they retain today"). Second, suit is permitted when Congress abrogates immunity and unequivocally expresses its intent to do so pursuant to a valid exercise of power. *Bd. of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). Third, the Court can issue an injunction against a state officer if there is evidence of ongoing violations of federal law and the injunction will afford a plaintiff prospective relief from the illegal state action. *See Alden*, 527 U.S. at 757; *Seminole Tribe v. Florida*, 517 U.S. 44, 73 (1996). Clemente has sued PennDOT – a state agency, not a state official – thus, the third exception is not applicable. The issue is whether Pennsylvania has waived its Eleventh Amendment immunity or whether Congress has abrogated this immunity. The Court will address each issue in turn.

### A. Waiver of Eleventh Amendment Immunity

A state may waive its Eleventh Amendment immunity, thereby permitting suit against it in federal court. To do so, "[t]he state either must voluntarily invoke our jurisdiction by bringing suit . . . or must make a clear declaration that it intends to submit itself to [federal court] jurisdiction." *MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 504 (3d Cir. 2001) (internal quotation marks omitted). Waiver of Eleventh Amendment immunity will be found "only where the state's consent is stated by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." *M.A. ex rel. E.S. v. State-Operated Sch. Dist. of City of Newark*, 344 F.3d 335, 345 (3d Cir. 2003) (alteration in original) (internal quotation marks omitted).

Pennsylvania's legislature set forth nine exceptions to the Commonwealth's sovereign immunity in 42 Pa. C.S. § 8522. These exceptions apply only in state court because, under 42 Pa. C.S. § 8521(b): "Nothing contained in this subchapter shall be construed to waive the immunity

of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment of the United States." 42 Pa. C.S. § 8521(b). Thus, under § 8521(b), the Commonwealth, and therefore PennDOT, has not waived its Eleventh Amendment immunity in federal court. The exceptions set forth in § 8522 reflect a limited waiver only of the Commonwealth's immunity from suit in *state* court. "[A] State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts." *Pennhurst*, 465 U.S. at 99 n.9. Clemente has not pointed to any other statute in which the Commonwealth has made a clear declaration that it consents to the jurisdiction of the federal courts for suits seeking damages. *MCI*, 271 F.3d at 504. Thus, the Court holds that the Commonwealth and PennDOT did not consent to suit in federal court.

Clemente contends that § 8521(b) does not apply because it is preempted by "Federal Tort Claim Act Restatement (Second) of Torts 821B, C(1)." (ECF No. 10, p. 4). In essence, Clemente argues that the Commonwealth has waived its Eleventh Amendment immunity under § 8522, notwithstanding § 8521(b), in light of § 821B of the Restatement (Second) of Torts. (*Id.* at 5).[2] Pennsylvania courts rely on § 821B of the Restatement (Second) of Torts in public nuisance actions. *Atl. Richfield Co. v. Cnty. of Montgomery*, 294 A.3d 1274, 1283-84 (Pa. Commw. Ct.). Nevertheless, Clemente's argument fails. Nothing in § 821B purports to preempt the Commonwealth's Eleventh Amendment immunity or supersede § 8521(b).[3]

---

[2] While Clemente refers to the Restatement (Second) of Torts as the Federal Tort Claim Act, (ECF No. 10, p. 4), based on context, the Court interprets Clemente's pleadings as referring to § 821C of the Restatement (Second) of Torts (not the Federal Tort Claims Act).

[3] Clemente briefly discusses 18 Pa. C.S. § 6504 in her brief. This statute is irrelevant to this litigation. Criminal statutes do not provide civil causes of action. *Perry v. Kelly*, No. 1:24-CV-00205, 2024 WL 5362842, at *3 (M.D. Pa. Apr. 25, 2024) ("A private party has no right to enforce criminal statutes.").

## B. Congressional Abrogation of Eleventh Amendment Immunity

Clemente argues that Congress abrogated Eleventh Amendment immunity with regards to public nuisance claims. (ECF No. 10, pp. 7-8). In order for Congress to validly abrogate state sovereign immunity, Congress must: (1) unequivocally express its intent to abrogate that immunity; and (2) act pursuant to a valid grant of constitutional authority. *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 550 (3d Cir. 2007). Congress has not expressed any intent to abrogate Eleventh Amendment immunity with regard to state law tort claims, including public nuisance claims. Clemente cites two authorities under which she claims Congress abrogated Eleventh Amendment immunity for public nuisance: 18 U.S.C. § 245 and 28 U.S.C. § 1343. (ECF No. 10, pp, 7-8). Neither statute states an intent to abrogate state Eleventh Amendment immunity. *See* 18 U.S.C. § 245; 28 U.S.C. § 1343. The Court holds that Congress has not abrogated the Commonwealth's Eleventh Amendment immunity with regards to state law tort claims.

## IV. CONCLUSION

Clemente is attempting to sue PennDOT, an arm of the Commonwealth, in federal court, for state law tort claims. The Eleventh Amendment precludes lawsuits brought by private parties against a state in federal court. The Commonwealth, and by extension PennDOT, did not consent to being sued in federal court. Congress did not abrogate the Commonwealth's Eleventh Amendment immunity with respect to state law tort claims. Thus, Eleventh Amendment immunity applies, and the Court will grant PennDOT's motion to dismiss for lack of jurisdiction.[4] Orders of Court will follow.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

5/12/25
Dated

---

[4] The Court will dismiss Clemente's complaint with prejudice because any further amendment would be futile. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) (stating that a court may decide to deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility). "An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." 3 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 15.15 (3d ed. 2021). Private parties cannot sue the state, or an arm of the state, in federal court unless an exception to Eleventh Amendment immunity applies. Based on the complaint, there is no possible factual basis sufficient to establish an exception to Eleventh Amendment immunity. Thus, any amended complaint would also be dismissed for lack of subject matter jurisdiction.